No. 171

DARDEN v. STATE OF OHIO

Ohio Appeals, 4th Dist., Franklin County

No. 1135.  Decided Jan. 15, 1924

513. FALSE REPRESENTATION—Where indictment charges taking a certain sum of money under false representation the question of the amount taken is a question of fact for the jury.

225. CHARGE TO JURY—Where a court's charge tends to intimidate the jury such charge held to be prejudicial.

BY THE COURT.           Epitomized Opinion
First Publication of this Opinion

Darden was indicted upon a charge of obtaining $35.50 from the Smith Piano Company. The indictment charged that Smith, with intent to defraud, represented that one Spangler was then in the employ of the Company and that there was due to the latter the sum of $35.50. The evidence disclosed that there was actually due Spangler $10.00 and out of the check that Smith received he retained $25.50. The trial court throughout the charge made it clear to the jury that in his opinion if the jury found the accused guilty they were bound to find that the amount of property secured by such false representation was $25.50.

General exceptions were taken to this charge and the matter called specially to the court's attention. The Court also in its charge in admonishing the jury said: "If you were to consider and allow the sum of money involved in this case . . . to have any weight or influence upon your mind . . . you would not be fit to sit as jurors in any subsequent case. If you are influenced by any matter of sentiment or sympathy—if there is any way of finding it out—we would see that you were never allowed to sit upon a jury again." As a verdict of guilty was rendered, defendant prosecuted error.  In reversing the judgment of the lower court, the Court of Appeals held:

1. As the indictment charged that the sum of $35.50 was obtained by virtue of the false representations and as competent evidence was introduced which showed that $35.50 was obtained, nevertheless the indictment having charged that money was obtained, it was competent for the jury to determine from all the evidence whether the full amount of $35.50 was obtained by virtue of the false representations or whether a less sum was obtained; therefore the court erred in its charge on this point.

2. While the trial court may properly caution the jurors as to their general duties, yet statements that jurors in criminal cases should exhibit courage and if they did not do so to the satisfaction of those in authority such juror or jurors would not be allowed in the future to act as jurors are prejudicial in character.

Attorneys—Henry H. Bradford, for Darden; J. R. King and J. A. Godown, for State.

---

No. 172

BROWNELL v. BURCHFIELD et al

Ohio Appeals, 4th Dist., Montgomery County

No. 546.  Decided Jan. 5, 1924

1255. WARRANTY—Statement in a circular advertising the horsepower of a boiler was held to amount to an express warranty.

ALLREAD, J.           Epitomized Opinion

Burchfield sued Brownell Co. in Montgomery Common Pleas for a breach of warranty as to a Brownell 80 horsepower boiler. The alleged warranty was taken from a circular issued by the company and embodied in a letter from Burchfield to it, ordering the boiler. The offer was accepted and the boiler shipped pursuant thereto. The circular contained a statement that the boiler was of 80 horsepower, and Burchfield, alleging that he relied on this statement, claimed that it failed to develop this power. Judgment was rendered for Burchfield. The company contended that the representation was a mere expression of opinion. In affirming the judgment, the Court of Appeals held:

1. "The representation was more than a mere expression of opinion, and was a sufficient foundation for an express warranty. The horsepower of a boiler is generally recognized in the trade as a fact capable of ascertainment and upon which purchasers are accustomed to reply. Even though Burchfield was an experienced man in the business, he should not be forced to go to the trouble of figuring out the horsepower, but might rely upon the representations made."

Attorneys—Brown and Frank, for Burchfield; E. H. and W. B. Turner, for Brownell Co.; all of Dayton.